THOMAS v. THE FARLEY MANUFACTURING COMPANY *et al.*

| 76 | 735 |
| 92 | 252 |
| 76 | 735 |
| 103 | 229 |
| 76 | 735 |
| 106 | 379 |
| 106 | 501 |
| 76 | 735 |
| 123 | 269 |

1. **Pleading:** DEMURRER: " NOT ENTITLED TO RELIEF DEMANDED :" WHEN NOT WELL TAKEN. A demurrer based on the ground that " the facts stated in the petition do not entitle plaintiff to the relief demanded," is properly overruled where the prayer is for general relief, and the petition shows that plaintiff is entitled to some relief. Accordingly, where the petition showed that defendant had levied an attachment upon property on which she held a valid and duly recorded mortgage, and that she had duly notified him of her lien, and given him a statement of the nature and amount of the debt secured by the mortgage, but that he refused to release the property, though neither he nor the attachment plaintiff had paid or tendered her the amount of the debt nor deposited it with the clerk, and she thereupon prayed for an injunction and for general relief, *held* that, if she was not entitled to an injunction, she was entitled to judgment settling and determining her right of possession, and that a demurrer on the ground above stated was properly overruled. Though the action for such relief alone should have been brought at law, an error as to the kind of proceedings is no ground for demurrer.

2. **Chattel Mortgage** : LEVY ON MORTGAGED PROPERTY : INJUNCTION TO RESTRAIN. A mortgagee of chattels is not entitled to an injunction to restrain an officer from levying on the mortgaged chattels until such officer or the execution or attachment creditor shall first pay or deposit the amount of the mortgage debt ; because (1) the mortgagee has several remedies at law, which will be presumed to be adequate until facts are pleaded showing the contrary, and (2) the allowing of an injunction in such a case would deprive the attaching or execution creditor of the rights conferred upon him by chapter 117, Laws of 1886, enabling such creditors to reach the mortgagor's interest in mortgaged chattels.

*Appeal from Cerro Gordo District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, OCTOBER 18, 1888.

DEFENDANT instituted a suit on a money demand against plaintiff, in which they sued out an attachment, on which the sheriff seized a stock of groceries. Plaintiff then brought this action, alleging in her petition that she holds a mortgage on the attached property, which was duly recorded before the levy ; and that immdiately after the seizure she gave the sheriff notice, in writing, of her claim, and demanded the release of the property, also that she gave him a statement of the nature and amount of the debt secured by the mortgage, but that he had refused to release the property ; and that neither he nor the plaintiff in the action had paid or tendered to her the amount of the debt, nor had they deposited the amount with the clerk. She prayed that a temporary writ of injunction issue restraining defendants from holding or taking the property under the attachment, or in any manner interfering with it, without first tendering or depositing the amount of her debt ; and that upon the final hearing such injunction be made perpetual ; and for general relief. The temporary writ having been allowed and served, defendants appeared, and demurred to the petition. They also filed a motion to vacate the injunction. The district court overruled the demurrer and motion, and, defendants electing to stand on that ruling, judgment was entered for plaintiff, making the injunction perpetual. Defendants appeal.

*D. W. Hurn* and *Utt Bros.*, for appellants.

*Richard Wilber*, for appellee.

REED, J.—I.   The ground of the demurrer was that "the facts stated in the petition do not entitle plaintiff to the relief demanded."   As stated above, the prayer of the petition was for an injunction restraining defendants from seizing, taking or holding said mortgaged property under and by virtue of said writ of attachment, or in any manner interfering with the same, without first paying or tendering or depositing the amount of said mortgage debt, and for general relief.   The question which has been argued by counsel on both sides is whether, on the allegations of the petition, plaintiff was entitled to the particular relief demanded, viz., the injunction.   Conceding, for the present, that she did not show herself entitled to that relief, a question we will have occasion to consider hereafter, we think that under the prayer for general relief she was entitled to have determined any question of right which arises on the allegations of fact in the petition.   The question raised by the demurrer is not merely whether she was entitled to that particular relief, but whether she was entitled to any relief whatever.   Under a general prayer the party may be awarded any remedy afforded by the law for the particular injury or wrong complained of. The petition alleges a state of facts which clearly entitles plaintiff to the possession of the property.   By the conditions of the mortgage, she had the right, at any time she might deem it necessary for the protection of her rights, to take possession of the property.   It is alleged that the mortgage was given to secure a valid and existing debt, and that it was duly recorded before the levy.   Under the general prayer the question as to her right of possession might have been settled and determined by the judgment.   It makes no difference that questions as to the right of possession of personal

1. PLEADING: demurrer: "not entitled to relief:" when not well taken.

property are within the jurisdiction of courts of law. An error of plaintiff as to the kind of proceedings adopted is not a ground of demurrer. Such error does not cause the abatement or dismissal of the action, but the remedy therefor is by motion to change to the proper proceeding. Code, sec. 2514. We are of the opinion, therefore, that the demurrer was properly overruled.

II. The grounds of the motion to vacate the injunction, in substance, are that plaintiff has an adequate remedy at law, and that the petition does not state facts upon which an injunction can be allowed. If the judgment had determined and settled the rights of the parties with reference to the property, as might have been done under the general prayer of the petition, there would have been no necessity, perhaps, to consider the questions raised by the motion. For, with a judgment determining the validity and priority of plaintiff's mortgage, defendants would not have been prejudiced by the injunction. But the judgment does not do that. It simply perpetuates the injunction, which, as stated above, restrains defendants merely from interfering with the property unless they first pay or deposit the amount of the mortgage debt. Giving to the language of the petition the broadest meaning of which it is capable, it amounts to no more than an allegation that defendants have committed a trespass upon plaintiff's rights in the property; and nothing more than that has been claimed for it. Now, it is elementary that courts of equity will not interfere, by injunction, to prevent a mere trespass, unless the right invaded or the act threatened, is of such a character that such interference appears to be necessary for the prevention of an irreparable injury. If the party may be fully protected or indemnified by the ordinary processes of the law, the courts will remit him to the remedy thus afforded. 1 High, Inj., sec. 697; *Council Bluffs v. Stewart*, 51 Iowa, 385.

One whose personal property has been unlawfully,

2. CHATTEL mortgage: levy on mortgaged property: injunction to restrain.

or wrongfully taken from his possession is afforded a variety of remedies by our law. He may sue for the recovery of the property, and in such action he may have judgment, at his election, either for its return or for its value. He may also sue the wrong-doer for the trespass. Or if the seizure, as in the present case, was made on a writ or process against another, he may, by intervening in the action, have his right summarily determined. Thus it appears that plaintiff has ample remedy at law for the wrong of which she complains ; and there is no showing in her petition that such remedy would not have been adequate. There is no allegation that defendants are insolvent, and there is nothing either in the character of the property, or her right in it, to take the case out of the ordinary rule. True, she alleges generally that she will sustain irreparable injury unless defendants are restrained from interfering with the property. That, however, is but the statement of a general conclusion. It is not shown by any statement of facts that such result would follow.

But there is another consideration which we think is equally conclusive of the question. Chapter 117, Laws Twenty-first General Assembly, prescribes a mode by which creditors of the mortgagor of personal property may reach his interest in the property. They may pay or tender to the mortgagee, or deposit with the clerk, for his use, the amount of the debt secured by the mortgage ; and thereupon they may seize the property on execution or attachment, and apply the proceeds, in excess of the amount paid or deposited, in satisfaction of their debts. The judgment, in effect, compels defendants to pursue that course, or abstain from all further interference with the property. But the fourth section of the act provides that nothing contained in it shall in any way affect the right of any creditor to contest, for any reason, the validity of the mortgage. Under that provision, the creditor may contest the right of the mortgagee upon any ground that goes to its validity. But before he can do that ( except, perhaps, by an

action in chancery, to which, however, he is not bound to resort), he must acquire an apparent lien upon the property ; for until he has acquired such lien he would have no standing to dispute the mortgage. But he can acquire a lien only by levying on it. Now, if the mortgagee is entitled to the remedy afforded by an injunction after the levy, he is equally entitled to it before that ; for he is not required to wait until the threatened injury has occurred before applying for the remedy. So that by that means he could prevent the creditor from acquiring the interest, which will enable him to test by an ordinary action the validity of the mortgage. It is true perhaps, that he could allege its invalidity in the injunction proceeding. But he ought not, by resort to that means, to be compelled to try the question in a court of chancery rather than in court of law. We thing, therefore, that the court erred in overruling the motion, and the judgment will be

REVERSED.