JULIUS C. ILER et al., Appellees, v. HENRY W. GRISWOLD et al., Appellants.

1. **Purchase of Lands:** FRAUD: DAMAGES: EQUITABLE RELIEF. The defendant M., having secured an option for the purchase of certain lands from one W. at a price named, entered into an agreement with the plaintiffs and his codefendants for the purchase of said lands. jointly, wherein the defendant G. was authorized, as trustee for the other parties to the contract, to take the title to said lands and pay W. therefor a sum equal to twice the amount agreed to be paid by M., it being represented by M. and G. that such sum was the price asked by W. The purchase having been consummated at the option price made to M., and the difference between that sum and the price which G. was authorized to pay under said contract having been converted by M. and G. to their own use, the plaintiffs brought this action to quiet the title to the property in themselves. *Held*, that the court having denied the specific relief asked by the plaintiffs, it properly rendered judgment against M. and G. for the proportion of the excess over the option price paid by the plaintiffs.

2. **Practice:** EQUITY CAUSE: AWARD OF DAMAGES. Where, in an equity cause. an answer is filed by the defendant, and the plaintiff is found to be entitled to equitable relief, but the rights of the parties. can be more definitely measured by an award of damages, the court may grant such relief as would be consistent with the case made by the petition, and embraced within the issue, were the action at law.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, OCTOBER 15, 1891.

ACTION to quiet title and for general relief. From a judgment for the plaintiffs, the defendants appeal. *Affirmed.*

*Harl & McCabe,* for appellants.

*Scott & Scott,* for appellees.

GRANGER, J.—The plaintiffs in the case are Julius C. Iler, H. E. Gates, C. J. Schmidt and Mary A. Fried. The defendants are H. W. Griswold, O. P.

McKesson, N. P. Stoddart and Charles Hunt. Prior to the commencement of the suit, the parties, both plaintiff and defendant, agreed among themselves upon a joint purchase of forty acres of land, near Council Bluffs, Iowa. A conference led to the selection of H. W. Griswold as a trustee to effect a purchase, receive the title, and do other things for and on behalf of the purchasers. The conveyance of the land to Griswold as trustee was by one Isham Wright, and the consideration therefor was four thousand dollars. Before the agreement of the purchaser to make the purchase the defendant McKesson had alone conferred with Wright, and secured his terms, and, as claimed by the appellants, secured an option on the land for a certain time. The price paid for the land by what, in argument, is called a "syndicate" was eight thousand dollars; and the relief sought in the action is based upon the claim that Griswold and McKesson represented to the syndicate that the purchase price from Wright was eight thousand dollars, whereas, in fact, it was but four thousand dollars; and that Griswold and McKesson wrongfully profited to the extent of the four thousand dollars paid in excess of the actual purchase price.

That the price paid for the land by Griswold, as trustee, was four thousand dollars, is not questioned.; nor is it disputed that eight thousand dollars was paid by the syndicate, and that McKesson received one-half of it. The claim of the appellants is "that the syndicate purchased McKesson's option in the land, for which he was entitled to the difference between the purchase price to Wright and the price fixed upon his option, eight thousand dollars." The district court found the transaction fraudulent as against the plaintiffs, Gates and Schmidt, and gave to each a judgment against Griswold and McKesson for five hundred dollars, and certain costs; and the appeal is by Griswold and McKesson alone, from such judgment.

I.   The testimony fully justifies the finding of the
district court that the plaintiffs, Gates and Schmidt, are
entitled to relief of some kind.   What the
relief should be we will notice hereafter.
Without reviewing the testimony showing
the facts, it is a plain case of imposition
and fraud.   Gates and Schmidt believed, and had
reason to believe, that they were entitled and became
parties to a transaction in which all the members were
to share equally, and that the trustee of their choice
was to act for all alike, and not where one or more of
the members of the syndicate were, under cover of a
secret option right, to profit at the expense of the
other members, and this is exactly what was done.   It
is true they paid no more than they understood they
were to pay, and it is urged that because of that there
was no fraud or damage for which damages are obtain-
able at law or in equity.   But can we sustain such a
claim?   Conceding, as we find the fact to be, that
Gates and Schmidt agreed to become joint purchasers
of the land under representations that Wright's price for
the land was eight thousand dollars, when in truth it
was but four thousand dollars, and that members of
the syndicate, whom they believed were to share
equally with them, have taken the money paid by them
under the belief that it was necessary to secure the
land, and is there not both fraud and damage?   Nothing
more can consistently be claimed than that they were
to pay their proportion of what would buy the land
from Wright, and whatever they paid in excess of that
was taken from them by false representations, and in
the transaction they were certainly damaged to that
extent.   It is urged that this property was every day
increasing in value, and complaint is made of the
action of the district court because there was no proof
to show that the land was of less value than was paid
for it, and authorities are cited in support of a rule

*1. PURCHASE of lands: fraud: damages: equitable relief.*

that fraud without damage "is no ground for remediable jurisdiction, legal or equitable." But this is not a case of that character. As we have held, Gates and Schmidt were purchasers from Wright, and not from McKesson, and, no matter how great the actual value of the land, they were entitled to all the advance over the actual price to Wright, and, in so far as the fraud of the defendants deprived them of such advance, they were damaged. In consequence of the fraud they each paid, or obligated themselves to pay, just twice as much for the land as they should have paid, which was five hundred dollars each, and the district court so found.

II. The specific relief asked in the petition was to have the title to the land quieted in the plaintiffs. 2. PRACTICE: equity cause: award of damages. This the district court, in effect, denied, and ordered a money judgment, and the right so to do is questioned, and reference is made to *Richmond v. Dubuque & S. C. Ry. Co.*, 33 Iowa, 489. The case only holds that, where a party is entitled to no equitable relief, relief as in a law action cannot be given. But in this case the plaintiffs were certainly entitled to equitable relief, but, because of the peculiar situation of the case as to parties and the property, it could be more definitely measured or determined by way of damages than by some equitable apportionment or division of the land, and the action of the court in this respect is legal. Code, section 2855, provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his petition. But in any other case the court may grant him any relief consistent with the case made by the petition, and embraced within the issue." To our minds the judgment of the district court reflects justice, which should be the guiding star of judicial inquiry, and it is AFFIRMED.