HERBERT GIBBS et al.

v.

G. W. DAVIES.

Opinion filed November 1, 1897.

1. JUDICIAL SALES—objection that master's grantee was not a bidder—when not entertained. Parties whose interest in land has been divested at a sale thereof by the master, cannot, in a collateral proceeding, object to the master's approved report and his conveyance made in pursuance thereof, on the ground that the master's grantee was not a bidder at the sale.

2. SAME—master may make deed as designated by bidder. A master in chancery selling land under decree may properly issue his certificate of purchase or execute his deed to a person designated by the bidder as the real purchaser, and of such action the former owner of the land cannot complain.

3. PARTITION—when bill for partition cannot be maintained. Parties whose interest in lands has been divested at a master's sale cannot maintain a bill for partition against the purchaser at the sale, on the ground that the master under-estimated the number of acres in the tract.

4. SAME—when general relief may be granted though partition cannot be had. A bill for partition containing prayers both for general and special relief should not be dismissed for want of equity, where, though partition cannot be granted as the special relief prayed for, the bill discloses a right to an accounting from the defendant, which may be had under the general prayer.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This was a bill in chancery exhibited by the plaintiffs in error, who are minors, against the defendant in error and others, in the Coles circuit court. The bill alleged the complainants and defendants (except defendant in error, Davies,) were the legal heirs of B. F. Jones, who died intestate, seized in fee of the title to the north-west quarter of the south-west quarter of section 12, township 12, north, range 8, east, in Coles county, Illinois, and other tracts of land, which descended to his said heirs in fee,

under the Statute of Descent; that upon the petition of
said heirs for partition of said land, in view of the fact
partition could not be made, the Coles circuit court, in
chancery sitting, ordered and decreed the land should be
sold by the master in chancery and the proceeds of the
sale distributed to the parties according to their inter-
ests; that in due pursuance of said decree the said master
offered the land at public sale; that the track and right
of way of the Cleveland, Cincinnati, Chicago and St. Louis
railway passes through the tract of land above described,
dividing the tract into two parts, about two and one-half
acres being south of the track and the remainder north
thereof; that the master offered that tract in separate par-
cels, as divided by the railroad track; that the parcel
south of the railroad right of way was struck off and sold
to one William Burgess at and for the price of $69 per
acre, and the parcel north of said right of way was struck
off and sold to one Jack Jeffries for the sum of $79.75 per
acre; that the master filed report of the sale with the
clerk of the court, and the report, about thirty days after-
wards, in vacation, was approved by one of the judges of
said court, but the bill alleged the report falsely stated
the master had sold the entire tract above described, ex-
cept the said right of way and the town plat of the town
of Stockton, to one G. W. Davies (the defendant in error)
for and at the price of $79.75 per acre; that in pursuance
of said report of sale and the approval thereof by the said
judge, the master executed his deed conveying to the said
Davies all of the said north-west quarter of the south-
west quarter of section 12, except the right of way of said
railroad and so much of the tract as was a part of the
town of Stockton; that said master, in making settlement
with the said Davies, estimated the said tract, except
the right of way and said town plat, to contain twenty-
five acres, and that said master accepted payment from
said Davies on the basis that the said tract of land, ex-
cept the right of way and said town plat, contained but

twenty-five acres of land, and received payment at $79.75 per acre, amounting to a total sum of $1993.75; that the right of way of said railroad and the portion of said tract platted as a part of the town plat of the town of Stockton contained but seven acres of ground, and that the remainder of the tract, being that part conveyed to Davies, contained thirty-three acres of ground; that in consideration of the payment to the master of the said sum of $1993.75 in cash and notes, in accordance with the terms of said decree, the said master conveyed to said Davies the said north-west quarter of the south-west quarter of said section 12, except said right of way and said part platted as a part of the said town of Stockton; that said Davies has possession, under said conveyance, of eight acres of land belonging to the heirs of the said B. F. Jones, and that said Davies is therefore only equitably entitled to an undivided five-sixths interest in that part of said tract of land lying north of the right of way of said railroad, and that your orators and the other heirs of the said B. F. Jones are entitled to the other one-sixth interest in said part of said tract lying north of said right of way and to all of that part of the tract south of said right of way.

The bill contained prayers for general and special relief. The relief specially asked was, that partition should be made of the interests of the parties to the bill in the said tract of land if said land could be allotted and partitioned among the owners thereof, and if such partition could not be made without manifest prejudice to the parties thereto, that the premises should be sold under the order and decree of the court, and the proceeds of the sale distributed among the parties to the suit according to their interest in the land.

The defendant in error, Davies, filed a demurrer to the bill, and assigned the following grounds of demurrer: "First, there is no equity in the bill; second, said bill is multifarious, in that it does not show that Davies has any

interest in the five acres off the south side of the north-east quarter of the south-west quarter of section 12, and cannot be properly joined with others who claim to have an interest therein and also in the north-west quarter of the south-west quarter of said section 12; third, it is shown by the bill, whatever interest Davies has in said north-west quarter of the south-west quarter of section 12 is not an undivided interest, and therefore is not subject to partition; fourth, it is shown by the bill this is a collateral attack upon a decree of this court and an attack upon the acts of the master, and he is not made a party; fifth, whatever equities complainants have against Davies should have been settled in the partition suit of America L. Sawin and others against W. D. Jones and others, referred to in the bill, and the same are not properly before this court in this proceeding."

The court considered the demurrer well taken and that there was no equity appearing upon the face of the bill, and complainants refusing to amend their bill, the court ordered a decree to be entered dismissing the bill at the cost of the complainants. This is a writ of error sued out to bring the record into this court for review.

L. C. HENLEY, and J. F. HUGHES, for plaintiffs in error.

NEAL & WILEY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The deed executed by the master to the defendant in error, Davies, invested him with the full and complete title to the north-west quarter of the south-west quarter of section 12 in question, except as to the portions excepted in the deed, unless the deed was for some reason, in whole or in part, legally insufficient to transfer the title to the said tract or some portion of it. The only suggestion in the bill against the legal sufficiency of the deed is, that the land described in it was struck off by the master at the sale to other persons than the grantee

therein, and that Davies, the grantee, did not bid for the land at the master's sale.

The bill alleges that that portion of the tract south of the railroad was struck off and sold to William Burgess at $69 per acre, and that the part north of the railroad was struck off and sold to Jack Jeffries at $79.75 per acre. The master's report of the sale showed that G. W. Davies was the purchaser at the sale of both of the said above mentioned parcels at $79.75 per acre. If we accept the master's report as conclusive upon the point, the deed made to Davies in pursuance of the report operated to transfer to him the full title to all of the said north-west quarter of the south-west quarter of section 12, in which the heirs of the said B. F. Jones had any interest. What is the effect if we accept as being true, and as controlling as against the report, the allegations of the bill that other parties than Davies were the successful bidders at the sale?

It will be observed the master reported all of the land in controversy was sold at the rate of $79.75 per acre, and that the bill alleges that only the portion north of the right of way of the railroad sold for the sum of $79.75 and the remainder at a smaller price, to-wit, $69 per acre, so that in respect of the sum produced by the sale the master's report is more favorable to the plaintiffs in error than are the allegations of the bill, hence the only ground of objection remaining to the report and deed is, the land was not conveyed to the parties who were the bidders at the sale. It seems clear argument is unnecessary to demonstrate that the only persons who have a right to complain as to that are the persons who made the bids at the sale. Nor is authority lacking in support of that position. In *Hobson* v. *Ewan*, 62 Ill. 146, it was objected that a deed made by an administrator was not executed to one Duhme, the purchaser at a sale by the administrator, but to one Love, and it was ruled that it was wholly immaterial to the persons whose title

168—14

was divested by the sale to whom the deed was executed, and as to that the court say: "They have no interest in the question. If there can be a question raised on this point it must be between the purchaser and his assignee."

It is within common observation and knowledge that bidders at a sale are frequently the representatives of other persons, and no reason is perceived why an administrator, master in chancery or sheriff making a sale should not issue the certificate of purchase or execute the deed, as the case may be, to any one indicated by the bidder as the purchaser at the sale. At all events, it being clear the plaintiffs in error were in nowise prejudiced by the report of the master, and by the conveyance to Davies in pursuance of such report, they have no standing in a court of equity to object to it.

It follows the deed from the master invested the defendant in error, Davies, with the full and complete title to the premises described in the report and deed. That being true, it is manifest the plaintiffs in error and the other heirs of the said B. F. Jones, deceased, were not entitled to partition according to the special prayer of the bill.

But it appeared from the allegations of the bill, that in estimating the number of acres of land conveyed to Davies by the master a mistake was made, whereby Davies was required to pay a lesser amount, or for a lesser number of acres, than was conveyed to him by the deed. The charge in the bill in this respect is, that the master and Davies estimated the premises described in the deed contained twenty-five acres, and that in fact such premises contained thirty-three acres. If this charge is correct,—and we are to assume it is, as against the demurrer,—Davies should be required to account and pay to the plaintiffs in error and the other heirs of the said B. F. Jones the sum of $638, being the amount of the value of eight acres of land at $79.75 per acre. The bill disclosed a right to such an accounting and recovery upon

that basis.  As the right to recover rested upon the estab-
lishment of a mistake of the master in ascertaining the
actual number of acres in the tract conveyed to Davies,
and, consequently, a re-opening of the accounts between
the master and Davies, it was the peculiar province of a
court of equity to furnish the appropriate and adequate
remedy.  We think the allegations of the bill with respect
to the alleged error in the estimate as to the number of
acres conveyed to Davies entitled the plaintiff in error
and his co-complainants to a hearing upon that question,
and to a decree against Davies if the evidence disclosed
he had failed to pay for as many acres as the master con-
veyed to him.   Such erroneous estimate had, however,
no effect to divest the title conveyed to Davies by the
master's deed.   It related only to the sum of money to be
paid by Davies.   Hence the allegation of the bill did not
entitle the plaintiff in error and his co-complainants to
partition of any part or portion, undivided or otherwise,
of the land.   True, such was the character of the relief
specially prayed for, but the bill also contained a prayer
for general relief.   The rule is, where a bill contains a
prayer for special relief and also a prayer for general
relief, the complainant may be denied a decree for the
relief specially prayed for, and, under the general prayer,
be granted such relief as he may be found entitled to have
under the allegations of fact made in the bill and the
proof in support thereof. (*Bremer* v. *Canal and Dock Co.* 127
Ill. 464; *Hopkins* v. *Snedaker*, 71 id. 449; *Vansant* v. *Allmon*,
23 id. 26; *Stanley* v. *Valentine,* 79 id. 544.)  If it appears the
allegations of a bill do not warrant the relief specially
prayed for, a bill may, to that extent, be deemed obnox-
ious to a demurrer; but if it appears from the allegations
of a bill the complainant is entitled to some other char-
acter of equitable relief and the bill contains a prayer
for general relief, the bill should not be dismissed simply
because the complainant is not entitled also to the relief
for which he specially prays.   Equity appears upon the

face of such a bill, and it should be retained to a hearing. The first cause of demurrer,—*i. e.*, "there is no equity shown in the bill,"—was not well taken. *Brown* v. *Hogle*, 30 Ill. 119; *Wescott* v. *Wicks*, 72 id. 524; *Snow* v. *Counselman*, 136 id. 191; 6 Am. & Eng. Ency. of Law, 763, 764.

During the course of the argument in the circuit court upon the demurrer, plaintiff in error and his co-complainants dismissed the bill so far as it related to that portion of the north-east quarter of the south-west quarter of section 12 referred to in the second ground of demurrer, hence all objection upon that ground was removed.

The third ground of demurrer, "that it was shown by the bill whatever interest Davies has in the north-west quarter of the south-west quarter of section 12 is not an undivided interest, and not, therefore, subject to partition," was well taken. It was, however, directed against the special prayer of the bill, and, as we have hereinbefore seen, though well taken did not warrant the dismissal of the bill.

The fourth ground of demurrer is, that the master in chancery is a necessary party to the bill. The bill asks no relief or decree against the master. It is possible that under the allegations of the bill the master might be answerable to the complainants for any loss accruing to them by his alleged mistake; but the master did not profit by the mistake, if any was made, and complainants having elected to proceed against Davies alone, who did profit by the mistake alleged to have been made, no reason is perceived why Davies should be allowed to insist the complainants should be required to pursue the master in chancery. The fourth ground of demurrer was not, therefore, well taken.

The fifth and last ground of demurrer is, the equities, if any are shown by the bill, should have been settled in the partition suit in which the decree was rendered, ordering the master to make the sale. While there is no direct allegation in the bill that the partition suit of *Sawin* v.

*Jones* had been finally disposed of in the circuit court, yet it is fairly to be inferred from the allegations of the bill that such was the fact, and the language employed in framing the fifth ground of demurrer is consistent only with such an inference.    The fifth ground is stated in the demurrer thus: "Fifth, it appears by the bill that whatever equities complainants have against defendant, Davies, *should have been* settled in the partition suit referred to in the said bill."    Moreover, Davies was not a party defendant or complainant to the partition bill in the case referred to, and as it appeared from the allegations of the bill the master had delivered to him a deed for the premises, we are by no means satisfied the court, upon motion or petition presented in that suit, could have granted that full measure of relief that the plaintiff in error and his co-complainants may be found entitled to have if the allegations of the bill under consideration are supported by proof upon a hearing.

The third ground of objection set out in the demurrer was properly sustained, but the demurrer should have been overruled as to the other grounds set forth therein. The circuit court should have retained the bill, required the defendant in error, Davies, to answer the allegations thereof relating to the alleged error in ascertaining the number of acres conveyed to him by the master, and upon a hearing should have rendered such decree as the case made by the proof should demand.

The decree that the bill be dismissed will be reversed and the cause remanded, with directions to the circuit court to sustain the third ground of objection set out in the demurrer and to overrule the demurrer as to all other grounds of objection, and to proceed otherwise in conformity with this opinion.    The costs in this court will be ordered paid by the party making the same.

*Reversed and remanded.*