THE AMERICAN TRADING & STORAGE COMPANY, Appellants,
v. FRANK GOTTSTEIN.

**Foreign Judgment:** COLLATERAL ATTACK. The judgment of a court
1 of another state having jurisdiction of the parties cannot be
collaterally attacked on the ground that the complaint was not
sufficient to warrant a personal judgment.

**Prayer for Relief.** A prayer for general equitable relief will sus-
2 tain a personal judgment.

**Demurrer:** FOREIGN JUDGMENT. A demurrer to a petition, alleging
3 that a personal judgment was entered by a foreign court in
conformity with the law of that state, is an admission for the
purpose of determining the demurrer that the judgment was
warranted by the pleadings.

**Decree:** SUBSEQUENT ENTRY OF PERSONAL JUDGMENT. A decree de-
4 termining the amount due, establishing a lien and ordering a
sale of property to pay the debt, with direction to hold the sur-
plus subject to further order of the court, is not a final decree,
and in case of a deficiency a personal judgment may be rend-
ered therefor by a subsequent decree.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
Judge.

WEDNESDAY, MARCH 9, 1904.

ACTION at law on a judgment of the circuit court of
Cook county, Ill., in chancery, for the payment of a sum of
money. A demurrer to the petition as amended was sustain-
ed, and on failure of plaintiff to further amend the cause
was dismissed, and judgment rendered in favor of the defend-
ant for costs. The plaintiff appeals.—*Reversed.*

*Berryhill & Henry* for appellant.

*C. E. Hunn* for appellee.

McCLAIN, J.—The objection raised by the demurrer to plaintiff's recovery on the Illinois judgment set out in the petition is that the Illinois court had no jurisdiction of the defendant, and therefore the judgment rendered is void. The claim of want of jurisdiction is predicated on two grounds: First, that in its bill of complaint in the Illinois court the complainant (plaintiff in this action) did not ask relief by way of a personal judgment against defendant; and, second, that after rendering a final decree in the action which did not include any personal judgment against the defendant, the Illinois court proceeded without jurisdiction to render a subsequent decree, which is the one relied on by plaintiff, in which it is adjudged that the complainant recover of the defendant the sum of $532.93, for which execution shall issue as upon a judgment at common law. It is sufficiently shown by the allegations of the complaint that the defendant appeared in the Illinois court so as to confer upon that court jurisdiction to render a personal judgment, provided the court had the power in such proceeding and at the time the final decree was rendered to enter a personal judgment. In the complaint filed in the Illinois court relief is asked by way of foreclosure of a lien against certain personal property alleged to belong to the defendant for certain storage and handling charges in connection with such property shipped by defendant to complainant at Chicago for sale, with an additional prayer for "such other and further relief in the premises as equity may require and as to the court may seem meet." The objection that this complaint did not give the Illinois court jurisdiction to enter a personal judgment is not well taken, for several reasons. In the first place, the decree of the Illinois court having jurisdiction of the parties is conclusive as against collateral attack on the question of law as to whether the complaint was such as to warrant a personal judgment. There are, no doubt, expressions in text-books and opinions to the effect that a judgment for relief, not asked for in the complaint, is void

1. FOREIGN judgment: collateral attack.

for want of jurisdiction, but, as far as any authorities to this effect are cited for appellee, they relate to cases where the question was raised by way of appeal or other method of direct attack, or where the judgment was by default, and therefore without jurisdiction, except in so far as the defendant was advised by the notice or summons and the complaint or other pleading filed that judgment might be rendered against him. It is not necessary now to discuss the authorities on this subject, as our conclusion is sufficiently supported by other considerations hereinafter stated.

It seems to be well settled under the authorities that a prayer for general relief in a complaint in equity will sustain a personal judgment. *Iler v. Griswold,* 83 Iowa, 442; *Thomas v. Farley Mfg. Co.,* 76 Iowa, 735. Thus, in *Cushman v. Bonfield,* 139 Ill., 219 (28 N. E. Rep. 937) it is held that a bill for the specific enforcement of a contract, which also contains a prayer for general relief, will support a money decree, although the specific relief asked cannot be given. And to the same effect are *Gibbs v. Davies,* 168 Ill. 205 (48 N. E. Rep. 120) and *Penn v. Folger,* 182 Ill. 76 (55 N. E. Rep. 192). We think there can be no doubt of the power of the Illinois court, as a general principle of equity practice, to enter, as it did, personal judgment for the balance of the indebtedness of defendant to the complainant after the application in discharge of complainant's lien of the amount realized by judicial sale of the property subject to the lien.

But, if there could be any doubt of the sufficiency of the complaint to sustain the decree for a money judgment under the general rules of procedure recognized in this state, it is removed, so far as this case is concerned, by plaintiff's allegation in an amendment to his petition that by the general usage and practice of courts of equity in the state of Illinois and the decisions of the Supreme Court of said state a court of chancery of that state has jurisdiction under such prayer for general relief to enter personal judgment when the same is consistent with the allega-

2. PRAYER for relief.

3. DEMURRER: foreign judgment.

tions of fact contained in the bill, and that the decree of the Illinois court was rendered in accordance with such usage and practice. This allegation of fact as to the law of Illinois is confessed by the demurrer, and we are bound, therefore, to assume, for the purpose of this case, as it is now before us, that the personal judgment was sufficiently warranted by the allegations of the bill of complaint.

Appellee's contention that the Illinois court had lost jurisdiction of the case before the rendition of the decree relied on by the plaintiff is predicated on the claim that it had pre-

4. DECREE: subsequent entry of personal judgment. viously rendered a final decree, which did not include a personal judgment against the defendant; but this contention is without merit. In the first decree it was found that defendant was indebted to plaintiff in the sum of $600, for which complainant had a lien upon the personal property referred to, and the master in chancery, whose report of the amount of indebtedness was therein confirmed, was ordered on default of payment within a time fixed to sell said property, and out of the proceeds thereof satisfy complainant's lien and the costs of the proceedings so far as sufficient for that purpose, and hold the remainder, if any, subject to the further order of the court. Afterward, by the decree on which plaintiff relies, the court approved the report of sale and distribution of proceeds by the master, and, finding that after applying the amount realized from the sale to the satisfaction of complainant's lien and the costs a balance of $532.93 was left unpaid, rendered a personal judgment, as already stated, in favor of the complainant and against the defendant for that amount. Now, it is clear that by the terms of the first decree some further proceedings in the court were contemplated and required. Such decree was not a final decree, but was interlocutory in nature, and after the master had made the sale, and reported his action in the premises, it was proper for the court, and within its jurisdiction, to render a final decree as to the disposition of any proceeds of the sale remaining after the satisfaction of the

lien and costs, or, if any balance of the lien and costs remained unsatisfied, then for personal judgment against the defendant for such balance.

Plaintiff's petition as amended was not, therefore, subject to the objections taken to it by the defendant's demurrer, and the demurrer should have been overruled. The judgment of the trial court predicated on the sustaining of defendant's demurrer was erroneous, and it is REVERSED.