A. M. Youde, Appellant, v. Samuel Youde, Appellee.

**Divorce:** CUSTODY OF CHILDREN: MODIFICATION OF DECREE. A decree of divorce awarding the custody of minor children to one of the parties is a finality, subject to modification only upon a showing of such a change in circumstances as makes a change in the custody of the minors expedient. Evidence held to show no such change in circumstances as would authorize a modification of a decree to the extent of allowing the father to take the children from their mother's home two or three times a year to an adjoining county.

*Appeal from Clay District Court.*— Hon. A. D. Bailie, Judge.

Monday, December 16, 1907.

Proceeding for the modification of a divorce decree in so far as the same has relation to the custody of the minor children of the parties. The application is by defendant, and was filed in the main case. From a supplementary decree entered, plaintiff appeals.— *Reversed.*

*G. H. Martin* and *F. F. Faville,* for appellant.

*Cory & Bemis,* for appellee.

BISHOP, J.— These parties lived together for many years as husband and wife, and there was born to them seven children, five of whom were minors at the time the original action for divorce was commenced by the wife in the year 1903. The ground alleged for divorce was cruel and inhuman treatment, and the defendant answered denying the truth of the charge as made. Pending trial a stipulation was entered into between the parties, in which provision was made for a division of property interests, and there was this provision respecting the children: " Plaintiff, if she procures a divorce, shall have the custody of the minor children, and she agrees to support and educate them, and to relieve defendant from any and all future liability therefor." Trial being had (Judge Quarton presiding) plaintiff was granted a decree of divorce — the date being in September, 1903 — and, as entered, the decree contained this provision: " Plaintiff is hereby awarded custody and control of the minor children of plaintiff and defendant, but defendant is accorded the right to visit said children at reasonable times and at reasonable hours in the daytime." The present application was filed in October, 1904, and the substantial allegation is that " plaintiff has refused to admit defendant to see his children, and has instructed and educated the said children to dislike him." The prayer is that " the original decree be modified to show at what hour of the day the defendant may visit his children at the residence of plaintiff, or to modify it so that defendant may have the right to go and take said children to some other place and there visit with them on such times, days, and length of time as the court may deem proper," etc. Hearing on the application was had before Judge Bailie, and the supplementary decree entered modified the original decree by providing that defendant should have the right to visit the children at the home of plaintiff from two to five o'clock every Saturday afternoon, and this should include the right to take them out to walk or ride and other-

wise visit with them as parents usually do; further, that " he shall have the right to have them visit at the home of W. H. Youde in O'Brien county for two days of each short vacation of school, and in the summer vacation for two weeks, at such time as he may select."

We think there was no warrant in the evidence brought forward on the hearing, for the supplementary decree, and hence there was no warrant therefor in law. On being entered, the original decree became a finality. It could be relieved against as to the matter of custody of the children only upon showing of a change in circumstances, making a change in custody expedient. Code, section 3180; *Crockett v. Crockett,* 132 Iowa, 388. Our reading of the evidence in the record discloses no change of circumstance within any fair interpretation of the statute. Plaintiff lives at Spencer, Clay county, and defendant lives at or near Sutherland, O'Brien county. On several occasions since the original decree, defendant has presented himself for a visit with his children, and the record fails utterly to show that plaintiff placed any obstacles in his way, or did anything to make his stay unpleasant. It is true that on one occasion she refused to allow him to take the children away from home. This, we think, was her right, but, aside from that, she was justified in her refusal in view of the attitude of the children toward their father — of which more presently. On another occasion, defendant found the doors barred against him as he came for a visit. But it was shown without dispute that this was done by the children, and that plaintiff neither knew of their act, or that defendant had been at the house. The children were all witnesses on the hearing — some of them called by defendant, and some by plaintiff. Without exception, they testified to a dislike for their father, growing out of his former treatment of them, and the younger ones particularly testified to their desire to avoid him. And that they did seek to do so they freely admit. Each declared that whenever their mother had spoken to them of their father

it was to admonish them that they should love and respect him, and there was no evidence to the contrary. In this situation, there is no change of circumstances. But, if open to any measure of doubt, there is no change to warrant wresting the children from the custody of plaintiff two or more times in each year, and carrying them into another county — against their own will, as would clearly seem to be the case — to the home of one whom it appears is a brother of defendant. In virtue of her right of custody, plaintiff is entitled to determine upon the course of conduct of her children, to make selection of their associates, to regulate their habits, oversee in the matter of their education, and, generally, to mold their character. The responsibility is with her, and she ought not to be subjected to any unnecessary increase in the chances of their getting beyond control of her influence, to say nothing of the possibility of their going astray. Moreover, it cannot be said that there is anything in defendant's situation which demands much of sacrifice at the hands of either plaintiff or the children. On his own showing he compelled plaintiff by his cruel treatment to separate from him, and the cause of the alienation of the affection of his children lies at his own door. It does not stand to reason that the law can aid him in any way to win back their affection, and we conclude that, while matters stand as at present, he should be confined to the rights granted to him by the original decree.

For the reasons pointed out, the supplementary decree appealed from is *reversed*.