RAYMOND A. REMICK, PETITIONER

*vs.*

JUNE B. ROLLINS.

Knox.    Opinion, August 31, 1944.

*Alan L. Bird*, for the petitioner.

*Charles T. Smalley*, for the respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

PER CURIAM.

June B. Remick was granted a decree of divorce from her husband, Raymond A. Remick, on May 11, 1943. The decree contained the following provision:

"That the said June B. Remick, libellant, recover against the said Raymond A. Remick, libellee, the sum of fifty thousand dollars, as a specific sum in lieu of alimony, together with reasonable counsel fees.

"The parties having agreed upon the transfer to the libellant of certain real estate, execution to issue in the sum of forty-three thousand two hundred dollars, against the said Raymond A. Remick."

On January 21, 1944, Raymond A. Remick instituted proceedings, asking that the decree be amended as to the payment of a specific sum in lieu of alimony. Hearing was had by the presiding Justice on March 1, 1944 in vacation. A decree was filed March 25, 1944, as follows:

"I hereby ORDER, ADJUDGE AND DECREE that the said decree rendered on the eleventh day of May, A. D. 1943, as relates to the payment of the sum of Fifty Thousand Dollars ($50,000) due as a specific sum in lieu of alimony to be paid by petitioner be suspended and that said decree rendered on the eleventh day of May, A. D. 1943 be and hereby is changed and amended so as to read as follows:

That a divorce from the bonds of matrimony, be had by the said June B. Remick, Libellant, from and against the said Raymond A. Remick, Libellee, for the cause of cruel and abusive treatment, and further that the custody of Raymond A., aged 4 and Peter H., aged 1½ years, minor children of the said parties be and is granted to the said June B. Remick until the further

order of court subject to the following conditions:
Libellee to pay to libellant the sum of fifty dollars each month for the support of said children; father to have the right of visitation and to have said children visit him at reasonable times and places."

In terms, the second decree is substituted for the first. It makes no provision whatever for the payment of any sum for alimony or in lieu thereof and gives no recognition to the fact that real estate valued at $6,800 has been transferred by the libellee to the libellant, nor to the payment, made by agreement of the parties, as alleged in the petition of approximately $2,000 by monthly installments in the interim between the dates of the decrees, nor to the order of the court for execution to issue.

In matters of the importance here indicated, the interests of the parties, having regard to due judicial procedure, should have been safeguarded by hearing where all the facts were made a matter of record. The testimony of witnesses was not stenographically reported, and the presiding justice made no findings of fact.

The record, as it stands, lacks justification for the elimination of important property rights, and puts into the realm of dubiety those formerly adjudicated, as the decree does not definitely determine them.

There was no prayer in the petition to change any provision of the original decree as to custody and visitation of the children, but the new decree makes an alteration in that respect. Established practice gives parties a right to assume that no change will be made on an issue which is not formally presented to the court by the petition or pleadings.

Upon the record as presented, the court exceeded its authority and its discretion.

*Exceptions sustained.*