WINIFRED PAINTIN, appellant, v. LOWE E. PAINTIN, appellee.

No. 47584.

(Reported in 41 N.W. 2d 27)

FEBRUARY 7, 1950.

Emil G. Trott, of Iowa City, for appellant.

Messer, Hamilton, Cahill & Bartley, of Iowa City, for appellee.

GARFIELD, J.—This appeal involves the propriety of the trial court's changing, upon its own motion, provisions of a divorce decree as to custody of the minor children.

On January 29, 1946, plaintiff-wife was granted a divorce and the sole custody of the three small children. Defendant was given the right to visit the children at all reasonable times at plaintiff's home and required to pay $35 a week for their support. Plaintiff and the children continued to live in Iowa City where plaintiff was purchasing a home on contract. Defendant then lived in or near Chicago, where he still resides.

On June 17, 1948, defendant filed application to modify the decree which stated he was remarried, drawing lower wages than when divorced and it was impossible for him to pay the $35 weekly child support. He prayed for an order reducing the judgment for support to an amount he could reasonably meet and for general equitable relief. An amendment to his application alleged defendant was greatly in arrears in his payments of child support, renewed his prayer that the award be decreased to an amount he could meet, asked that the delinquent payments be canceled, but did not ask general equitable relief.

Plaintiff's resistance to defendant's application stated there has been no substantial change in defendant's circumstances since the divorce, defendant is well able to make the payments as decreed, that because of his failure to make the payments plaintiff at times has been without food and clothing for the

children and compelled to accept charity and incur bills she has been unable to pay.

At the hearing upon defendant's application in July 1948 it was shown defendant, age thirty-one, was earning about $63 a week, $5 less than at the time of the divorce because he was working shorter hours. Why his hours were shortened does not appear. Defendant had incurred several bills since the divorce but had reduced the original amounts. He married again May 22, 1946. Plaintiff testified she had many unpaid bills and had been compelled to seek public and private charity because of defendant's failure to make his payments. He was then delinquent about $1800. He had paid $2706. Plaintiff married another man April 24, 1948.

Upon the testimony above summarized the trial court modified the decree by reducing the weekly payments of child support from $35 to $20 and, upon its own motion, by providing that defendant could have the children (ages four, six and ten) in his possession one month each summer in Chicago "or wherever he might live" so long as he returns them at the end of such period, and when defendant is in Iowa City he could have the children in his possession and take them from plaintiff's home so long as he returns them by seven p. m. of each day. During any period from one to four weeks when the children were in defendant's custody he was not required to pay the $20 per week.

Upon this appeal plaintiff complains only of the changes, upon the court's own motion, in the custodial provisions of the divorce decree. We therefore give no attention to the reduction in payments for child support. The changes made by the trial court in custodial rights are wholly without support in either the pleadings or the evidence and cannot be upheld.

Nothing in defendant's application or amendment thereto indicates that any change in the custodial provisions of the decree was either warranted or desired. The issue was not raised. Plaintiff insists she had no knowledge any such change in the decree was contemplated and her counsel had advised her it was not asked. She was not called upon to resist such a change in the decree and was given no opportunity to do so. She had

a right to assume the decree would not be altered upon an issue not presented.

Schlarb v. Schlarb, 168 Iowa 364, 371, 372, 150 N.W. 593, 596, states that an application for modification of a divorce decree should set "out the facts on which the claim for relief is demanded, thus informing the defendant of the allegations he has to meet and enabling him to take issue thereon." We there reversed a modification of a divorce decree not based "upon proper allegations supported by sufficient proof."

Scott v. Scott, 174 Iowa 740, 744, 745, 156 N.W. 834, 836, says:

"The modification of the decree, by striking therefrom the provision relating to the custody of the child, was without authority. This order was entered at the term following that at which the decree was entered, and therefore could not properly have been made on the court's own motion or without notice to the plaintiff." (Citations.)

In Guisinger v. Guisinger, 201 Iowa 409, 417, 205 N.W. 752, 754, the trial court granted the prayer of an application to modify the decree and then went further and changed another provision of the decree. We held this could not be done, saying, "To warrant the court in changing the order of alimony, some facts must be alleged in the application which will warrant * * * such a change."

McKee v. McKee, 239 Iowa 1093, 1097, 32 N.W. 2d 379, 381, quotes with approval from Schlarb v. Schlarb, supra, 168 Iowa 364, 371, 150 N.W. 593, 596, and reverses an order modifying a divorce decree in part because no issue was raised by the pleadings as to the validity of a custodial decree of another state. Delbridge v. Delbridge, 189 Iowa 1116, 179 N.W. 438, is also somewhat applicable.

Quite in point are Remick v. Rollins, 1944, 141 Maine 65, 67, 38 A. 2d 883, 884, and Jones v. Jones, 1943, 104 Utah 275, 279, 139 P. 2d 222, 224. In the Remick case the husband asked that an alimony provision of a divorce decree be changed. The court ignored this request but changed a provision as to custody of the children. In sustaining exceptions the opinion states:

"There was no prayer in the petition to change any provision of the original decree as to custody and visitation of the children, but the new decree makes an alteration in that respect. Established practice gives parties a right to assume that no change will be made on an issue which is not formally presented to the court by the petition or pleadings."

In Jones v. Jones, supra, the wife sought an increase of payments for support of one child in her custody and also asked general equitable relief. The court increased the alimony payable to the wife for her support. Upon the husband's appeal this was reversed. The opinion says:

"These allegations were not sufficient to put the defendant on notice that she was attempting to have the amount of money paid to her for her own support increased. * * * If plaintiff wishes to put in issue the fact that she, because of a change of conditions, should now be entitled to $50 per month alimony, the pleadings will have to be amended and the defendant given a chance to meet the issue thus raised."

There is another consideration which requires a reversal. We have held a great many times that provisions of a divorce decree regarding child custody are final as to the circumstances then existing. Such provisions will be modified only where it is proven by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the child requires, or at least makes expedient, such modification. In matters of this kind the child's welfare is the controlling consideration and is superior to the claim of either parent. Jensen v. Jensen, 237 Iowa 1323, 1324, 1325, 25 N.W. 2d 316, 317, and citations; Nichols v. Nichols, 239 Iowa 1173, 1177, 34 N.W. 2d 187, 189; Beyerink v. Beyerink, 240 Iowa 45, 49, 35 N.W. 2d 458, 460, and citations.

There is here an utter failure of proof of such changed conditions as to warrant the modification in the custodial provisions of the decree. Incidentally these provisions were apparently placed in the decree pursuant to the parties' agreement. There is no evidence, for example, as to the kind of home the father has near Chicago (Cicero) nor of the willingness of his present wife to have the children in the home. It is not shown the mother

is not properly caring for the children, has attempted to turn them against their father or denied his right to visit them at any reasonable time as the decree provides.

To permit these young children to be taken for a month in each year, perhaps against their will, to another state wherever defendant might live, without proof of changed circumstances to justify the order is, to say the least, both unwise and contrary to our decisions. Nor is there any basis in the evidence for granting the father the right to have the children in his possession away from plaintiff's home whenever he is in Iowa City.

Among decisions which support our conclusion are Beyerink v. Beyerink, supra, 240 Iowa 45, 49, 35 N.W. 2d 458, 460; Horn v. Horn, 221 Iowa 190, 265 N.W. 148; Youde v. Youde, 136 Iowa 719, 114 N.W. 190. On the matter of permitting the removal of children from the jurisdiction see Jensen v. Jensen, supra, 237 Iowa 1323, 1329, 1330, 25 N.W. 2d 316, 320.

This excerpt from the Beyerink opinion, supra, is appropriate here:

"The only matter to be determined * * * is whether conditions have so changed since the original decree as to bring it within said section 598.14 [Code, 1946]. Defendant's pleading and proof fall short of establishing such a case. The burden was on him to do so."

To like effect is this from Goodrich v. Goodrich, 209 Iowa 666, 669, 228 N.W. 652, 653:

"The plaintiff took no appeal from the original decree * * *. Its provisions are binding upon her, unless she has alleged and proven changed conditions and circumstances which would warrant the court * * * in granting a change in the respect requested." (Citations.)

Morrison v. Morrison, 208 Iowa 1384, 1386, 227 N.W. 330, 331, states, "And the burden is upon the plaintiff [applicant] to both allege and prove the changed conditions." (Citations.) And in Delbridge v. Sears, 179 Iowa 526, 529, 160 N.W. 218, 220, we say, "* * * it is only upon allegation and proof of change in circumstances that the power to make subsequent changes in the decree is to be exercised."

 We cannot accept defendant's argument that the prayer of his application for general equitable relief is sufficient basis for the trial court's order relating to custody. Under such prayer a party is entitled to any relief consistent with the allegations of his petition and sustained by the proof, and no more. Johnston v. Myers, 138 Iowa 497, 500, 116 N.W. 600; Chicago, R. I. & P. R. Co. v. Pearl City Fuel Co., 179 Iowa 1269, 162 N.W. 808; Manassa v. Garland, 200 Iowa 1129, 1132, 206 N.W. 33; McAnulty v. Peisen, 208 Iowa 625, 636, 226 N.W. 144; Wagner v. Northern Securities Co., 226 Iowa 568, 284 N.W. 461. See also 19 Am. Jur., Equity, sections 226, 227.

As indicated, there is neither pleading nor proof of changed circumstances since the divorce which warrants the part of the order here challenged. Both the allegations of defendant's application and the evidence in support thereof relate to his claimed inability to pay the amount of child support fixed by the decree. We have frequently held relief should not be granted which has no foundation in the allegations of the pleading and is not justified by the evidence. Bennett v. Greenwalt, 226 Iowa 1113, 1122, 286 N.W. 722, and citations. See also citations last above.

For the entry of a decree in harmony with this opinion the cause is—Reversed and remanded.

All JUSTICES concur.