WILLIAM B. BEACH *vs.* GEORGE N. BULLOCK *et al.*

A. advanced money for repairs and improvements on B.'s estate in consideration of B.'s promise to make his will in A.'s favor and to devise to him the estate. B. executed such a will, but subsequently made another will devising the estate to other persons. On a bill brought by A. after B.'s death, to establish a lien on the estate for his advances,
*Held*, that A. was not entitled to a lien.

BILL IN EQUITY to establish a lien on real estate.
*June* 7, 1895. MATTESON, C. J. The complainant seeks

to establish a lien on the real estate described in the bill, analogous to that of a vendee who has paid the purchase money for an estate before obtaining a deed. The contract between the complainant and the deceased set out in the bill is to the effect that the complainant should advance the money necessary for the contemplated repairs and improvements on the estate, and that, in consideration of his doing so, the deceased should execute his will in favor of the complainant and devise to him the estate. The bill alleges that the complainant advanced the money pursuant to the agreement and that the deceased executed his will and devised the estate to the complainant; but that subsequently he executed another will and devised the estate to other persons. The purpose of the complainant in seeking to have the lien declared on the estate is to obtain priority of payment of his claim for advances over the claims of other creditors of the deceased. We know of no principle of equity which entitles the complainant to a lien. His contract with the deceased conferred no right of lien, but entitled him only to a devise of the property, hence no lien arises by virtue of the contract. The only equitable remedy open to him which occurs to us would be a bill in the nature of a bill for specific performance against the devisees under the second will to have a trust in his favor declared on the property or to require them to convey it to him. Beach on Mod. Eq. Juris. §§ 573, 602, 621. But even then the property would be subject to the payment of the debts of the deceased.

Demurrer sustained.

*George B. Barrows & Simon S. Lapham*, for complainant.
*Edward D. Bassett & Edward L. Mitchell*, for respondents.