MARY A. JOHNSTON, Appellant, v. THEOPHILUS MYERS, AND
A. L. PARSONS, Administrator of the Estate of THE-
OPHILUS MYERS, Appellees.

**Equitable relief.** Under a prayer for general equitable relief a party
1   is entitled to any relief consistent with the facts pleaded and with
the proof.

**Agreement to will property:** BREACH: EQUITABLE LIENS. Although
2   a decedent may have agreed to give his property to plaintiff in
consideration for care and support, still upon failure to do so
and recovery of a money judgment therefor plaintiff was not en-
titled to a lien on specific property to secure payment of the same,
in the absence of an agreement to that effect; the remedy in equity
is to have a trust declared in favor of plaintiff for the services.

*Appeal from Lee District Court.*— HON. HENRY BANK,
Judge.

THURSDAY, JUNE 4, 1908.

ACTION originally brought against Theophilus Myers
to recover compensation for services rendered, and to es-
tablish the amount thereof as a lien upon a certain lot in
the city of Keokuk. Pending the suit Myers died, and
Parsons, his administrator, was substituted as defendant.
The case was tried to the court as in equity, resulting in a
judgment for the compensation claimed, but denying the
lien prayed. Plaintiff appeals.— *Affirmed*.

*John E. Craig* and *S. H. Johnston,* for appellant.

*F. M. Ballinger* and *James S. Burrows,* for appellees.

DEEMER, J.— As much depends upon the pleadings,
we here copy the material part of the petition in full:

That on or about the 24th day of April, 1901, defendant came to her house to stay. Soon thereafter he drew up and duly executed a will whereby he bequeathed the plaintiff, Mary A. Johnston, lot Four (4), block one hundred twenty (120), in the city of Keokuk, Lee county, Iowa, and in said will he also gave all his personal property of every kind and description, and informed plaintiff that she was to have all of said property on her care and support of him, the said Theo. Myers. That she has taken care of and provided for the wants of said Myers under said agreement to bequeath said property to her in payment therefor, and that said compensation for her care and support should be paid thereby. That the defendant represented she was so provided for by said will which he had informed plaintiff was deposited in the custody of D. F. Miller, as custodian, and, relying on such representations of the defendant, she has provided said care and support for defendant Myers for two years. That the defendant some time in the month of February, 1903, has taken said will from the custody of D. F. Miller, and destroyed same, and that by so doing he has violated his promise and agreement for compensation for such care and support so furnished him. That the care and support of said defendant Myers for said two years is of the reasonable and just value of $500. That under such understanding that she would receive compensation therefor with said real estate, to wit, lot four (4), block one hundred twenty (120), in the city of Keokuk, Lee county, Iowa. She has an equitable lien and charge for her compensation upon said real estate. Wherefore plaintiff prays that her said lien may be foreclosed, and she be awarded judgment against defendant in the sum of $500 and costs, and that the same be decreed to be paid out of said real estate and for general equitable relief.

Myers answered during his lifetime, and, among other things, claimed that at the solicitation of plaintiff and her husband, plaintiff being his niece, he went to live in the Johnston family without thought on the part of any of the parties that he was to be charged anything either for services or board; that plaintiff had theretofore lived with him, Myers, for two or three years without any charge being made her and that this was the reason for going to

plaintiff's home; that whatever plaintiff furnished was a mere gratuity. He denied having agreed to convey or will the lot in question to plaintiff in consideration of his care and support, and says that whatever he did in this connection was purely voluntary. He further pleaded that he had withdrawn the will which he had at one time made, as he had a right to do. When the administrator came into the case, he pleaded the statute of limitations, the statute of frauds, and the exemption of the lot in question as a homestead. Upon these issues the case was tried resulting in the judgment above stated. The amount thereof was $500, with 6 per cent. interest from February 27, 1903. The demand for a lien upon the lot was denied. Defendant does not appeal; and, for that reason, the judgment for services must be accepted as a verity. Plaintiff's appeal is from the order denying an equitable lien upon the lot in Keokuk.

It will be noticed that this is not an action for the specific performance of the contract. Plaintiff evidently accepted defendant's denial of the contract as a breach or 1. EQUITABLE revocation thereof, and she elected to recover RELIEF. a money judgment for services performed; but she asked that the amount of her claim be established as an equitable lien against the lot. Her theory for this last contention is that Myers, in consideration of services performed, was to give her the lot in question; that, pursuant to promise, he did at one time make a will devising her the property which he afterwards destroyed; and that during her lifetime he repudiated the agreement after having received care and support for nearly two years. There can be no doubt under the testimony that Myers frequently declared he was going to and had given plaintiff his property, and to some he declared that he would give her the identical lot in question. Defendant contends, however, that under the pleadings plaintiff was not entitled to the equitable relief demanded, and that in no event is she entitled to a specific lien upon the property for the amount of her services.

Plaintiff, on the other hand, says that her prayer for general relief is broad enough to justify such a decree as she now asks, and that, having made the agreement to give her the property, she is entitled to have her claim declared a lien thereon. This presents the exact point for decision in the case. The rule in this State with reference to pleadings is that, under a prayer for general relief, a party is entitled in equity to any relief which is consistent with the allegations of the petition and sustained by the proof. *Hoskins v. Rowe,* 61 Iowa, 180; *Pond v. Waterloo Co.,* 50 Iowa, 596; *Laverty v. Sexton,* 41 Iowa, 435; *Wilson v. Horr,* 15 Iowa, 489. But the relief must be consistent with the facts pleaded; for the defendant is entitled to his day in court upon the issues joined. Code, section 3775, and cases cited; *Walker v. Walker,* 93 Iowa, 643; *Johnson v. Mantz,* 69 Iowa, 710; *Bottorff v. Lewis,* 121 Iowa, 27; *Browne v. Kiel,* 117 Iowa, 316.

Going back now to the petition, it will be observed that this is not an action for specific performance, but to recover compensation for services rendered upon the theory

**2. AGREEMENT TO WILL PROPERTY: breach: equitable liens.** that defendant Myers had violated his agreement to give or will the property to plaintiff, and that she, plaintiff, wants compensation for her services, or, to speak in the language of the law, recovery of the consideration paid. She did not ask that the property be awarded her. Indeed, she could not do that and at the same time recover compensation for her services. She asked and was given a money judgment, and she prayed that the amount thereof be established as a lien against the lot in question; so that we are brought down to the ultimate proposition: Is plaintiff entitled to such a lien? If so, it is because defendant Myers agreed to give it to her in compensation for her services. The trial court was justified in finding that defendant Myers never agreed to give plaintiff this lot, save that it was part of his property. True, Myers at one time made a will in which he

gave plaintiff all his property, both real and personal, after the payment of his debts and funeral expenses; but this will was afterwards destroyed by cutting out and entirely mutilating plaintiff's name. There was evidently no intention of charging the specific lot with a lien for the payment of plaintiff's compensation. The contract, if there was one, was that Myers was to give plaintiff all his property in consideration of his care and support. Part of this consideration was furnished, and this plaintiff seeks to recover back. Under such circumstances, it has been held that plaintiff is not entitled to a lien for the services performed. *Beach v. Bullock*, 19 R. I. 121 (32 Atl. 165). This is upon the theory that the parties did not intend to create a lien upon specific property, and that the only remedy in equity is upon full performance to have a trust declared in favor of the party performing the services. See Beach Mod. Equity, sections 573, 602, and cases cited; *Bennett v. Nichols*, 12 Mich. 22. It is doubtless true that a vendee who has paid part of the consideration for specific real property, and who without his fault is prevented from fully performing his agreement, may have judgment for the amount paid established as a lien against the property for the amount thereof. But in such cases the contract must be with reference to specific property, and the vendee must not be in default by abandoning the contract. The difficulty with plaintiff's case is that she had no contract with reference to specific property, and, if she had, it was according to the allegations of her petition to devise her the property. The remedy for the breach of such a contract is either a money judgment for services performed or a bill in equity in the nature of specific performance to have a trust declared, and to require the heirs or devisees of the promisor to convey the property. The case is identical with *Beach v. Bullock, supra,* and the reasoning of that opinion we adopt. There is no reason for giving plaintiff a preference over other creditors of the deceased.

The decree seems to be right; and it is *affirmed.*