HUGH OVIATT et al., Appellees, v. HORACE A. OVIATT et al., Appellants.

**PROCESS:** Original Notice—Limitation on Jurisdiction—New Trial.
1  An original notice, duly served, both *grants* and *limits* jurisdiction. If the notice states the exact relief demanded, a default judgment must go no further. If the notice does not state the exact relief demanded (but is otherwise sufficient), a default judgment must go no further than the allegations of the pleadings. New trial granted because the default judgment was not in accord with or justified under either the original notice or the petition.

**JUDGMENT:** Default—Pending Negotiations—Effect. A default
2  decree should be set aside, on proper showing of merit, when ntered at a time when negotiations for a settlement were pending and were such that defendant had reason to believe that no default would be entered during such pendency.

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

WEDNESDAY, MARCH 8, 1916.

PETITION for a new trial of an action in partition commenced by plaintiffs in February of the year 1914. Defendants were each personally served with notice of that action for the February term of court, but did not appear, and a default was taken against them and a decree rendered, fixing the interests of the several parties in and to the lands in controversy and ordering a sale thereof and a division of the proceeds proportionately according to the interests of the parties as fixed in the decree. The land was duly appraised in virtue of this order and decree; and, on May 11, 1914, the defendants in the partition suit filed this petition for a new trial. Plaintiffs joined issue on the allegations of this peti-

tion, and a trial was had thereon, resulting in an order and decree denying the petition for a new trial, and the appeal is from that ruling.—*Reversed* and *Remanded.*

*Goodykoontz & Mahoney* and *G. W. Crooks,* for appellants.

*Whitaker & Snell,* for appellees.

DEEMER, J.—The petition for a new trial was bottomed on the allegations that the original decree entered in the partition suit was not in accord with, or justified under, the original notice served on the defendants, appellants herein, and that the decree was not in accord with the allegations of the original petition in the partition proceedings, but was contrary thereto. It also alleged that, when partition proceedings were pending, and before any decree was passed, the parties entered into a stipulation, whereby the interest of defendant Horace Oviatt was fixed in consideration of his (Horace Oviatt's) promise not to appear or make any contest in the case; that this agreement was disregarded, and a decree entered which was not in conformity with this agreement. The petition also alleged, in substance, that title to the lands in controversy came through the father of the parties to this controversy, who, just prior to the father's death, had executed to plaintiffs Arch and Hugh Oviatt conveyances to land he then owned amounting in value to something like $5,000; that each of these conveyances was expressly made as an advancement to his said children; and that the defendant Horace Oviatt, also a child, received nothing from the father before his death. It is averred that the father left surviving his widow, Eunice F. Oviatt, the plaintiffs, his sons, the defendant Horace Oviatt, also a son, and three daughters, Martha Oviatt, and a Mrs. Graves and a Mrs. Marsh; and that the land conveyed by deceased comprised all his real estate, save that involved in this proceeding, consisting of about 59½

acres; that plaintiffs acquired all the interests held by their sisters in the lands left by their father, and that, thereafter, plaintiffs and defendant Horace Oviatt entered into an agreement, whereby Horace Oviatt was to make no claim to the lands conveyed by the father to the plaintiffs, just before his death, and he (Horace) should, after the death of his mother, have all the property of which the father died seized, being the land in controversy. It is admitted that administration was had upon the father's estate, and that no account was taken of the advancements; and it is averred that defendant Horace Oviatt received but $100 from the personal estate left by his father. It is also averred that the widow elected to take the homestead left by the deceased at the time of his death in lieu of dower—the said homestead being a forty-acre tract (the southeast quarter of the southwest quarter of Section 5, in a township in Boone County); and that the widow died in the year 1902. It is also averred that, after the death of the widow, Horace Oviatt requested of plaintiffs that they make a deed to him of the lands of which the father died seized, which they ofttimes promised, but neglected to do. It is also averred that, since the death of the mother, plaintiffs and defendant Horace Oviatt have been in possession of the lands in controversy as tenants in common, but that plaintiffs have collected the rents, sold lumber and received the proceeds thereof, but have never divided the same with this defendant. It is also averred that he (defendant) paid the taxes on the entire premises for one year, for which he has not been reimbursed. Under these allegations, defendant Horace Oviatt claimed to be the absolute owner in fee simple of all the property in controversy. It is also alleged:

"That by reason of the advancements made by Andrew C. Oviatt to the plaintiffs, as above set out and on account thereof the plaintiffs received more than their full share in the estate of the said Andrew C. Oviatt and the plaintiffs are not entitled to any share in the premises described in plaintiffs' petition except such interest as they have therein as grantees of the

interests of their sisters, all as hereinbefore referred to, said interests not exceeding one-half interest therein. That under and by virtue of the provisions of law relating thereto on account of the advancements made by Andrew C. Oviatt to plaintiffs the defendant became and is the owner of an undivided one-half interest in and to the premises described in plaintiffs' petition. That the plaintiffs having each received property of more than the value of $5,000 of the estate of their father and having elected to claim a distributive share in their father's estate have thereby waived their right to claim the property advanced to them by their father and the said plaintiffs are thereby required to account for the extra portion or share of their father's estate that they so received as advancements, and these defendants allege the fact to be that the total value of the estate of said Andrew C. Oviatt at the time of the making of the advancements to plaintiffs, as above set out, was not in excess of $12,000, and that each of said plaintiffs having received more than $3,000 more than their respective shares each should be required to account for the defendant's share in the excess so received by them amounting to more than $500 for each.''

This is the substance of the lengthy petition for a new trial of the partition suit. Defendants thereto, plaintiffs in the main action, answered this petition, admitting the recitations regarding the original notice and petition and the decree in the main action, but denying any inconsistency therein. They denied the alleged agreements recited in the petition for a new trial; denied that they disregarded any agreements; admitted the conveyances of land by their father to them, but denied that they were advancements; and averred that the father conveyed land to his son Horace Oviatt, also, before his death. They admitted that they purchased their sisters' interests in the lands, whether derived from their father or their mother. They denied that they ever received any rents or income from the lands, and averred that it was not income-producing property, but admitted that they paid the taxes

on the land. They denied that they made any agreement not to take a decree in the partition suit and denied any fraud in taking the decree, and averred that the original decree was justified under the pleadings and the facts. They also pleaded the statute of frauds, and denied all the alleged agreements with reference to releasing any title to the lands in controversy to the defendant Hugh Oviatt.

Such were the issues on which the action was tried, and the appeal challenges the correctness of the decree denying the petition for a new trial.

I. Naturally, the first inquiry is: Is there ground for setting aside the default and the decree? Defendants were personally served with timely notice of the original partition suit, and the petition was filed in time; but they made no appearance, and a default was taken and decree entered in the usual way. They must, of course, get rid of this decree, in order to have any standing in court. This they attempt to do: (1) upon the ground that the decree was not authorized by nor was it in conformity with the claims made in the notice and the petition; and (2) upon the alleged agreement between the parties that no default or decree would be taken except on certain conditions, which agreement it is claimed was disregarded. In order to understand the proceedings, it is necessary to go a little more deeply into the facts. The elder Oviatt died something like 20 years ago. At that time, the only land which stood in his name was that which is in controversy here. It consisted of a homestead, 40 acres, being the southeast quarter of the southwest quarter of Sec. 5, hitherto described; a tract known as Lot 3 of Lot 5 of the northeast quarter of the northwest quarter of Sec. 15, consisting of 5 acres; and the east half of the west 29 acres of the southwest quarter of the northeast quarter of Sec. 32. The lands in Sections 5 and 15 were in the same township, and the 29 acres was in another. He left surviving his widow, who continued to occupy the homestead until her death, and the six children hereinbefore named. Plaintiffs acquired the

interest of the three girls in their father and mother's estate so that they (plaintiffs) owned a 5/6 interest in the lands of the father, unless it be for some arrangement between the boys. They commenced this partition suit in February of the year 1914, making their brother Horace and his wife parties defendant. In their petition, they alleged the death of the father seized of the 19½ acres of the land above described, and they then recited:

"Par. 3. That afterward Eunice F. Oviatt, the mother of said parties plaintiff and the defendant Horace A. Oviatt, died intestate in said Boone County, Iowa, the owner in fee of her dower right, being an undivided one-third interest, in the Southeast Quarter of the Southwest Quarter of Section 5, Township 82.

"Par. 4. That the only heirs of said Andrew Oviatt and Eunice Oviatt were their sons, the plaintiffs and the defendant Horace A. Oviatt, and their daughters Martha E. Oviatt, Eva A. Graves and Henrietta C. Marsh, and each of them became the owner in fee at the death of their said father and mother of an undivided one-sixth interest in the real estate described in the second and third paragraphs of this petition.

"Par. 5. That afterward, as shown by the abstract hereto attached, the said daughters, Martha E. Oviatt, Eva A. Graves and Henrietta C. Marsh, sold and conveyed each their undivided one-sixth interest in said above described real estate to the plaintiffs herein.

"Par. 6. That the plaintiffs, Arch Oviatt and Hugh Oviatt, are each the owners of an undivided five twelfths, and the defendant Horace A. Oviatt is the owner of an undivided one sixth of the East Half of the West 29 acres of the Southwest Quarter of the Northeast Quarter, of Section 32, Township 83, Range 26, and Lot 3 of Lot 5 in the Northeast Quarter of the Northwest Quarter of Section 15, Township 82, Range 26, Boone County, Iowa. That the said Horace A. Oviatt is the owner of an undivided two thirty-sixths, the said Arch Oviatt the owner of an undivided five thirty-sixths, and the

said Hugh Oviatt is the owner of an undivided twenty-nine thirty-sixths interest in and to the Southeast Quarter of the Southwest Quarter of Section 5, Township 82, Range 26, Boone County, Iowa.''

An abstract of title was attached to the petition showing title in plaintiffs' father to the entire 59½ acres at the time of his death. It also showed conveyances after the father's death from Martha Oviatt, single, and Mrs. Graves and her husband and Mrs. Marsh and her husband of their interests in and to all the property, unless it be the 14½ acres to the plaintiff herein. These conveyances were all made prior to the death of the mother, the widow, who died in the year 1902. In the original notice, they claimed:

''That they are the owners of an undivided five sixths of the East Half of the West 29 acres of the Southwest Quarter of the Northeast Quarter of Section 32, Township 83, Range 26, and Lot 3 of Block 5 in the Northeast Quarter of the Northwest Quarter of Section 15, Township 82, Range 26, Boone County, Iowa, and of the undivided five sixths of one third of the Southeast Quarter of the Southwest Quarter of Section 5, Township 82, Range 26, Boone County, Iowa, and that the said defendant Horace A. Oviatt is the owner of an undivided one sixth of said above described premises, and asking that said real estate be partitioned between you and them, and said land sold and the proceeds divided in the proportion above named, and for other equitable relief.''

The decree found that plaintiffs were:

''Each the owners of an undivided 5/12 interest, and the defendant Horace A. Oviatt is the owner of an undivided 1/6 interest in the East Half of the West 29 acres of the Southwest Quarter of the Northeast Quarter of Section 32, Township 83, Range 26, and Lot 3 of Lot 5 in the Northeast Quarter of the Northwest Quarter of Section 15, Township 82, Range 26, Boone County, Iowa. Said court further finds, adjudges and decrees that the said Horace A. Oviatt is the owner of an undivided 2/36 and the said Arch Oviatt is the

owner of an undivided 5/36 and the said Hugh Oviatt is the owner of an undivided 29/36 interest in and to the Southeast Quarter of the Southwest Quarter of Section 5, Township 82, Range 26, Boone County, Iowa.''

It is this variance between the petition, the notice and the decree upon which defendants ask for a new trial. There is some ambiguity in the phraseology of the original notice, regarding the interest claimed by plaintiffs and conceded to defendant Horace Oviatt in the homestead 40 acres of land; that is to say, as to whether plaintiffs were claiming more than 5/6 of the 1/3 or 10/36 of that land, and conceding to defendant Horace Oviatt 1/3 or 12/36 or 1/3 of 1/3, or 4/36. It would bear the construction claimed by plaintiffs, but surely does not authorize the claim that they were asserting title to 34/36 and conceding to defendant but 2/36. In such circumstances, defendants would have the right to resort to the petition for the exact claim. Going to that, they would have discovered the same, if not more, difficulty. The allegations thereof have already been quoted, and, aside from the statement of a conclusion as to the share of each contained in the sixth paragraph already quoted, the allegations of fact make it appear that, but for the conveyances made by the girls to their brothers, the plaintiffs herein; each of the heirs was entitled to an undivided 1/6 of the entire tract of 59½ acres. Had they gone still further and looked to the abstract which plaintiffs attached to their petition, which they alleged ''showed the chain or devolution of title'', they would have found that title to all the property in controversy was in Andrew Oviatt at the time of his death, and, applying it to the allegations of the petition with reference to the death of the widow and the survivorship of all the children, they would, in view of these facts, have conceded that at best plaintiffs were claiming but 5/6 of the entire property, leaving 1/6 for defendant Horace Oviatt. When the decree came to be rendered, it gave to plaintiffs 34/36 and

1. PROCESS: original notice: limitation on jurisdiction: new trial.

to defendant Horace Oviatt, 2/36. In this, doubtless through oversight and inadvertence, the trial court was led into an error which was not discovered by defendants until shortly before this suit was commenced. The rule in such cases is that, upon default of defendant, plaintiff is confined to the allegations of his petition and the proofs in support thereof. *Skvor v. Weis,* 153 Iowa 720.

If the original notice be specific in its terms as to the relief prayed, the defendant may also rely upon that; and if greater relief be granted, he may, by proper proceedings, have the judgment or decree set aside. *Heins v. Wicke,* 102 Iowa 396, 403; *Blain v. Dean,* 160 Iowa 708, 718.

If the notice be ambiguous or uncertain in its claims, the defendant may, and doubtless should, go to the petition, and upon the allegations therein may rely; and by suffering default to be entered against him, he does not concede to plaintiff the right to take any decree which the pleading itself does not fairly justify. *Standish v. Dow,* 21 Iowa 363; *Johnson v. Mantz,* 69 Iowa 710; *Moomey v. Maas,* 22 Iowa 380; *Bosch v. Kassing,* 64 Iowa 312. We are told by appellees' counsel in argument that all this doubt and obscurity is removed when the facts are explained; and they state that, before the death of Andrew Oviatt, he also conveyed the 40-acre tract in controversy to his son Hugh Oviatt, one of the plaintiffs in this action; that the deed was not signed by his then wife, who became his widow; and that, at the time of his death, he did not own the 40 acres; but that, his widow not having signed the deed, she was entitled to an undivided 1/3 which, upon her death, passed to her children, they each acquiring an undivided 1/18 interest at the time of her death. The difficulty with this position is that there are no such allegations in the original petition and no testimony whatever in the record to substantiate the claim. If there had been, defendants might have challenged the deed on many grounds, and, especially in view of the facts shown in the record, claimed that the deed was of no force and effect, because it covered the

homestead of the grantor and his wife, and the wife did not join in the deed, as the statute, Section 2974, Code, 1897, expressly required. If the decree were bottomed upon evidence adduced, it would have disclosed this fact, and the court must evidently have overlooked this circumstance. This alone is sufficient to show that defendant has a defense to the claim now asserted and is prejudiced by the decree entered in the partition suit.

II.   The testimony, as we think, shows that the plaintiffs and the wife of Horace Oviatt, acting as his agent, he being ill at the time, were having negotiations for a settlement of the controversy, which were pending at the

2. JUDGMENT: default: pending negotiations: effect.

very time that the default and decree were entered, and that the defendants had the right to believe that, during the pendency of these negotiations, no default or decree would be taken against them. There is testimony that one of the plaintiffs, in view of what he had received from his father's estate, agreed to surrender to defendant Horace Oviatt all interest that he had in the land in dispute, and that negotiations were pending with the other plaintiff when the default was taken. This in itself would be good ground for setting aside the original decree, and it matters not that defendant may not, on a final trial, be able to substantiate his claim to the entire premises or to claim that he is entitled to have a redistribution made of either his father's or mother's property. Upon these questions, we express no opinion at this time. It is enough to say that, under the record as presented, defendants now make it appear that, upon a retrial, Horace Oviatt may be adjudged the owner of an undivided 1/6 of the 40 acres of land, instead of 2/36, and that plaintiffs will be entitled to only 5/6 thereof. We reach the conclusion that the decree denying a new trial must be, and it is, reversed, and the cause remanded for a new trial upon issues properly joined.—*Reversed* and *Remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.