Viola Marie **CLAEYS**, Guardian of the property of John Moldenschardt, Incompetent, Appellee,

v.

Barbara **MOLDENSCHARDT**, a/k/a Barbara Koeppel, Appellant.

No. 53502.

Supreme Court of Iowa.

July 24, 1969.

Harold C. Lounsberry, Davenport, for appellant.

Richard L. Stevens, Davenport, for appellee.

STUART, Justice.

This matter was before us previously in Claeys v. Moldenschardt, Iowa, 148 N.W.2d 479. We affirmed the trial court's refusal to set aside a default judgment on an application made under Rules of Civil Procedure 252 and 253. Seizing upon our general statement, "By so holding we do not mean there is no remedy as to avoid judgment.", defendant filed this petition in the original action seeking to vacate the judgment as void because it granted greater relief than demanded in the petition contrary to R.C.P. 235, which provides:

"The [default] judgment may award any relief consistent with the petition and embraced in its issues; but unless the defaulting party has appeared, it cannot exceed what is demanded against him in the petition as limited by the original notice."

The trial court dismissed the petition in ruling on matters of law under R.C.P. 105. Defendant appealed. We affirm.

In Rayburn v. Maher, 227 Iowa 274, 285, 288 N.W. 136, 141–142, we said:

"It is true, that when a defendant defaults, the plaintiff becomes entitled to certain advantages. But such failure by the defendant does not enlarge his claim nor broaden his rights under the allegations of his petition. His right of recovery and the amount and nature thereof is still limited by those averments. Though a defendant may default, he is still within the pale of the law and is entitled to just treatment. He has a right to expect and to demand that plaintiff's recovery shall be confined, and responsive, to his pleaded demand. The legislature has assured him of that right, whether he answers or does not answer, by Section 11573, Code 1935, which provides: 'What relief granted. The relief granted to the plaintiff, if there be no answer, cannot exceed that which he has demanded in his petition. In any other case the court may grant him any relief consistent with the case made by the petition and embraced within the issue.'" We there quoted with approval from Johnston v. Myers, 138 Iowa 497, 500, 116 N.W. 600, 601; Bottorff v. Lewis, 121 Iowa 27, 33, 95 N.W. 262, 264; Martin v. Bennett Loan & Trust Co., 181 Iowa 100, 107, 161 N.W. 639, 641; and Oviatt v. Oviatt, 174 Iowa 512, 520, 156 N.W. 687, 690.

We must look to the petition and the default judgment to determine whether the relief granted exceeded or was inconsistent with the demands made in the petition.

Plaintiff alleged she was the guardian of John Moldenschardt, adjudged to be mentally incompetent January 4, 1963. He was 77 years old with a 4th grade education, but had acquired a 183 acre farm and over $7,000 savings, $2,000 of which was used to purchase a small home in DeWitt.

"5. That in later years John Moldenschardt became mentally enfeebled with age, was extremely credulous, susceptible to suggestion and easily influenced and led having not sufficient mental capacity to comprehend the nature and consequences of his dealings or to resist the persuasion and artifice of a designing female.

"6. That in the year of 1959 said John Moldenschardt met one Barbara Koeppel, a widow, defendant in this case, about 48 years of age, and thereafter fell prey to her wiles and demands, and the defendant knowing said facts and contriving and intending to take advantage of his unsound mental condition, his credulity and dependence for the purpose of acquiring his property and savings did prevail upon John Moldenschardt to give her money from time to time until he had completely exhausted his savings and was compelled to borrow $9300 from The Federal Land Bank of Omaha giving a mortgage therefor on his farm, and further borrow from DeWitt Bank & Trust Co., DeWitt, Iowa, and others in excess of $300, all of which went to defendant, and thereafter she did

prevail upon John Moldenschardt to execute and deliver a deed conveying the farm to her without consideration, his will and mind being subjected to her influence, representations and wiles to the extent that he had no comprehension of what he was doing at the time, no comprehension of the legal significance of his transaction or of the consequences, all of which left him destitute financially and without means for his own care and support. * * *

"7. That said defendant prevailed upon said John Moldenschardt and through design, artifice, misrepresentation and fraud deprived him of his money, farm and property in that she falsely represented to him that she was about to inherit a large sum of money from her father's estate in New York and that she needed a loan for a short period of time to aid her in settling the affairs of her father's estate to get her share and thereafter made similar representations, false promises to repay upon receiving her share, and threats that she would not repay that which he had already loaned unless he made further loans thereby prevailing upon John Moldenschardt who relied upon said representations and promises to part with all of his savings and borrow money as aforesaid to meet her demands; that the defendant knew her statements and promises to be false and same were intended to defraud John Moldenschardt of his property and money because her father was and is still alive, and there was never any estate to be settled during the period of the aforesaid transactions and she has refused to acknowledge or give John Moldenschardt or this guardian any evidence of indebtedness or account in any manner for said money.

"8. That thereafter in November of 1961, the defendant through artifice, design, trickery and fraud prevailed upon John Moldenschardt to execute and deliver to her a deed conveying title to his farm in Scott County, Iowa, particularly described as follows, to-wit: * * * by falsely representing to him that he was executing a document which would secure him for the loans made to her and obligate her to pay back such loans knowing said statements to be false, and said John Moldenschardt relying upon her statements and promises being denied the right to read, study or seek legal counsel as to said document and being confused and unable to comprehend what he was doing did sign and deliver said deed.

"9. That all during the time that the aforesaid loans and transfers of property were made, John Moldenschardt was a person of unsound mind and incapable of managing his property and affairs, and defendant knowing this substituted her will for his to accomplish her design and ends.

"10. John Moldenschardt departed with all of his property and savings except the house and lot in DeWitt, Iowa, rendering himself destitute financially; that this guardian has demanded of the defendant that she account for and return his money and property and account for rents and profits which defendant has refused to do.

"11. That upon filing of the Petition for appointment of a guardian by the children of John Moldenschardt, he was removed from his home in DeWitt, and the same was padlocked by Barbara Koeppel, and after her appointment as temporary guardian the undersigned made repeated demands for the keys or access to the premises which was refused, and upon her appointment as permanent guardian the undersigned forced her way into the premises and discovered that the same was flooded with water and ice from broken water service lines caused by freezing while the property was under the custody and care of the defendant.

"12. That said water ruined floors, furniture and floor covering and caused damage to the walls of said dwelling which in aggregate amounts to $560, no part of which has been paid by defendant.

"13. That said damage was caused by the negligence of the defendant in that she failed to shut off the water service, drain lines or provide heat to prevent dam-

age from freezing and further that she refused to give this guardian access and right to care for the premises and denied John Moldenschardt the right to see or converse with this plaintiff or provide her with keys or means of access.

"14. That plaintiff has not been contributorily negligent in any manner.

"15. That plaintiff's ward has been deprived of the use of his property in DeWitt, Iowa, or the income therefrom since January, 1962, by refusal of defendant to grant this guardian access and right to rent the same; that the same has a reasonable rental value of $40 per month.

"WHEREFORE, Plaintiff asks that the defendant be required to account for all sums of money received from said John Moldenschardt and judgment therefor with interest at 5% per annum from the date of said loans be entered against defendant; that any property into which said money has been invested be impressed with a trust therefor; that the defendant be compelled to pay over to this guardian for and in behalf of John Moldenschardt the sum found to be due him.

"Plaintiff further asks that the deed conveying aforesaid real estate to defendant, * * * be rescinded, cancelled and held for naught; that the same be cancelled of record, and title to said real estate be quieted in John Moldenschardt; that the defendant be required to account for rents and profits therefrom and pay over the same to plaintiff together with interest; that plaintiff be awarded judgment against defendant for the sum of $560 damages to the property in DeWitt, Iowa, and for loss of rentals therefrom together with interest at 5% per annum until paid, and that defendant be taxed with all costs of this case including reasonable attorney fees for plaintiff's attorney and that plaintiff have such other and further relief as to the Court may seem just and equitable."

I. Defendant claims the relief granted was not consistent with that demand in the petition because the trial court found "defendant by fraud and deceit acquired ownership and possession of the property and savings of John Moldenschardt" although the prayer was for money had and received under an unpaid loan.

Although plaintiff has stated several causes of action in one division, we believe, under a fair reading of the allegations, the petition states a cause of action for the return of $14,900 which defendant by fraud and deceit induced plaintiff's ward to loan her on a false promise to repay him from the proceeds of a nonexistent estate.

We do not believe there is a fatal inconsistency between this cause of action and the default judgment. The allegations are clearly based on fraud and deceit. The prayer for an accounting of the money received from Moldenschardt, judgment therefor and an order compelling defendant to pay over to plaintiff the amount found due is entirely consistent with the allegations. The fact that the prayer asks for interest to which plaintiff may not have been entitled is not fatal. Interest was allowed only from the date of the decree. Defendant did not appear and there was no accounting. However, a hearing was held following which the judgment and decree was entered. The trial court determined the amount received from Moldenschardt by fraud and deceit and entered judgment for an amount which was within the prayer. We find no merit in defendant's argument that this portion of the judgment was inconsistent with the relief asked.

II. Defendant claims the default judgment was void because there was an improper joinder of equitable and legal causes of action in one division of the petition contrary to R.C.P. 79 which provides: "Each separate cause of action or defense must be stated in a separately numbered division. * * *"

Plaintiff's petition did not comply with R.C.P. 79. It is questionable however

whether misjoinder is the proper term because different causes of action may be joined in the same petition. R.C.P. 22. If we treat it as a misjoinder, defendant's only remedy is by motion to separate or strike. R.C.P. 27(b). Misjoinder is not grounds for dismissal. Mid-America Pipeline Co. v. Iowa State Commerce Commission, 253 Iowa 1143, 1151, 114 N.W.2d 622, 627. Failure to make such motion constitutes a waiver of any misjoinder. Cook's Iowa Rules of Civil Procedure, Vol. 1, page 186.

Rather than a question of misjoinder, the issue seems to be whether a default judgment entered because defendant failed to appear is void if the petition fails to state each cause of action in a separate division. The stating of the issue reveals the place to which we would be elevating form if we were to answer it affirmatively. The integrity and finality of all default judgments would be placed in doubt. If the allegations of the petition are intelligible and sufficient to state a cause of action and the relief prayed for is consistent therewith, the fact that the petition may not comply with our rules as to form does not affect the validity of a default judgment entered thereon which is consistent with the petition and prayer. Defendant must attack such deficiencies in form by appropriate motion and where, as here, there is no appearance, any defect in the form of the petition is waived.

III. Defendant makes much of the fact that the petition was designated in equity although it also contained causes of action properly cognizable at law. In such instance defendant's remedy was not dismissal, but a motion to transfer to the proper docket. Sections 611.7 and 611.9, Code of Iowa. Failure to make such a motion operates as a waiver of any right to such transfer. Christensen v. Board of Supervisors of Woodbury County, 251 Iowa 1259, 1266, 105 N.W.2d 102, 107. If such defect would not entitle defendant to a dismissal on motion, a judgment based

on a pleading in such form would not be void.

For the reasons stated the trial court is affirmed.

Affirmed.

All Justices concur, except LeGRAND, J., who takes no part.