# IN THE COURT OF APPEALS OF IOWA

No. 22-0636
Filed June 21, 2023

**DREW WILSHIRE-GERDES and W.A.W.G., a minor, as his next friend,**
Plaintiff-Appellant,

**vs.**

**MICHAEL SHAWN FRANCIS and CHERI FRANCIS,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Woodbury County, Zachary Hindman, Judge.

A father appeals the district court's dismissal of his petition for a domestic-abuse protective order filed on behalf of his minor son. **AFFIRMED.**

Drew Wilshire-Gerdes, Newton, self-represented appellant.

T. Cody Farrens of Vriezelaar, Tigges, Edgington, Bottaro, Boden & Lessmann, L.L.P., Sioux City, for appellees (until withdrawal), and Michael Shawn Francis and Cheri Francis, Sioux City, self-represented appellees.

Considered by Chicchelly, P.J., Buller, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CHICCHELLY, Presiding Judge.**

In February 2022, Drew Wilshire-Gerdes filed a petition for a protective order under Iowa Code chapter 236 (2022) on behalf of his unemancipated minor son, W.A.W.G. He sought relief from domestic abuse that W.A.W.G. was allegedly subjected to by his maternal step-grandfather Michael Shawn Francis and maternal grandmother Cheri Francis. In March, the district court granted the defendants' motion to dismiss the petition, reasoning the parties do not meet the definition required to sustain the relationship required for a chapter 236 protective order. The district court denied Wilshire-Gerdes's subsequent motions to reconsider and clarify, where he argued the court should have recast his petition rather than dismiss it. Our supreme court issued an order that Wilshire-Gerdes's petition for writ of certiorari should be treated as a timely notice of appeal and transferred the case to us.[1] We review the district court's ruling on a motion to dismiss for correction of errors at law. *D.M.H. by Hefel v. Thompson*, 577 N.W.2d 643, 644 (Iowa 1998).

On appeal, Wilshire-Gerdes does not challenge the district court's conclusion that his minor son's relationship with the defendants does not satisfy the requirements of chapter 236. Rather, he reasserts the allegation advanced in his motions to reconsider and clarify. Wilshire-Gerdes contends the district court erred by failing to transfer his matter to the "proper proceedings" or "proper docket" under Iowa Code section 611.7. Section 611.7 provides: "An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal

---

[1] The appellees did not file a brief in defense of the district court's order.

of the action, but merely a change into the proper proceedings, and a transfer to the proper docket." Wilshire-Gerdes does not identify what he believes the "proper proceedings" or "proper docket" are for his petition, and his request that we find a better grounding for his claim reveals a misunderstanding as to the statute's function. Iowa courts are not permitted to take sides and engage in advocacy on a party's behalf. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [the parties] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Instead, section 611.7 refers to the court's authority to transfer cases to the proper docket as it relates to whether the case is tried at law or in equity. *See, e.g.*, *Claeys v. Moldenschardt*, 169 N.W.2d 885, 889 (Iowa 1969) (citing section 611.7 as the authority for a motion to transfer a case to the proper docket as between petitions designated in equity and actions cognizable at law). Wilshire-Gerdes offers no reason to believe the distinction between cases tried at law or in equity is relevant to the dismissal of his petition. *See A.N. v. J.G.*, No. 19-0634, 2020 WL 2061881, at *2 (Iowa Ct. App. April 29, 2020) (observing, in analysis of chapter 236A, that there are cases holding proceedings brought pursuant to chapter 236 are actions at law and there are other cases holding such proceedings are actions in equity). Because we find no error at law in the district court's denial of Wilshire-Gerdes's request to recast his petition, we affirm.

**AFFIRMED.**